IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00073-MR

| | |
|---|---|
| TIFFANY LEIGH MARION, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ERIK A. HOOKS, Secretary of ) <br> Department of Public Safety, and ) <br> MIRANDA RICHARDSON, Warden of ) <br> Anson Correctional Institution, ) <br> ) <br> Respondents. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1], Motion to Hold Federal Proceedings in Abeyance [Doc. 2], and Motion for Leave to File Excess Pages [Doc. 3].

**I.    BACKGROUND**

Tiffany Leigh Marion (the "Petitioner") is a prisoner of the State of North Carolina who was convicted in Swain County Superior Court on two counts of first-degree murder, one count of attempted first-degree murder, one count of first-degree burglary, and two counts of robbery with a dangerous weapon on March 19, 2012. [Doc. 1 at 1]. The Petitioner was sentenced to

life in prison without parole. [Id.]. The Petitioner appealed her conviction to the North Carolina Court of Appeals. The Court of Appeals vacated the conviction for attempted first degree murder and remanded to arrest judgment on at least one of the felony convictions pursuant to the merger doctrine. [Id. at 2, 19]. The trial court arrested judgment on the first-degree burglary conviction. [Id. at 1, 19].

The Petitioner filed a Petition for Discretionary Review ("PDR") with the North Carolina Supreme Court, which was denied on August 19, 2014. [Id. at 3, 19]. The Petitioner's conviction became final on November 17, 2014, 90 days after the North Carolina Supreme Court denied her PDR and her time for filing a petition for writ of certiorari in the United States Supreme Court expired. See Clay v. United States, 537 U.S. 522, 525 (2003).

On November 16, 2015, the Petitioner filed a motion for appropriate relief ("MAR") in Swain County Superior Court. [Id. at 3, 19]. On July 23, 2019, the state court denied the Petitioner's MAR. [Id. at 4, 21]. On February 11, 2020, the Petitioner filed a petition for writ of certiorari with the North Carolina Court of Appeals, which was granted on April 9, 2020. [Doc. 5 at 1]. On March 25, 2020, the Petitioner filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1]. Petitioner's counsel

estimates that resolution of the matter pending before the North Carolina Court of Appeals will take approximately 18 to 24 months.

## II. DISCUSSION

The Petitioner seeks to place this habeas action in abeyance pending exhaustion of her state remedies. [Doc. 1]. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must exhaust her available state remedies before she may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising her constitutional claims on direct appeal in the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by raising the claims in a motion for appropriate relief filed in the trial court and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. The Petitioner has not yet exhausted any of the claims raised in her petition. [Doc. 1 at 5, 7].

The AEDPA also provides that a § 2254 habeas petition generally must be filed within one year of the date on which the petitioner's state court judgment became final. See 28 U.S.C. § 2244(d)(1)(A). The Supreme Court has stated that a habeas petitioner concerned about the possible effects of

her state postconviction filings on the habeas statute of limitations may file a timely "protective" petition in federal court, and request that it be held in abeyance pending the exhaustion of state remedies. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). In Rhines v. Weber, the Supreme Court held that federal district courts retain their discretion to stay federal habeas proceedings, but warned that staying federal habeas proceedings too frequently "has the potential to undermine [the AEDPA's] twin purposes" of comity and finality. 544 U.S. 269, 277 (2005).[1] A stay may be justified, however, when a petitioner shows good cause for the failure to exhaust potentially meritorious claims[2] or when the petitioner "run[s] the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims." Id. at 275-278.

The Petitioner filed her MAR on November 16, 2015, which was 364 days after the federal statute of limitations began to run, and 1 day before its

---

[1] Although the Supreme Court's holding in Rhines was only directed at "mixed" petitions that presented both exhausted and unexhausted claims, the Fourth Circuit has stated that the stay-and-abey procedure can be used in "any circumstances that could warrant a state court resolution of a prisoner's claims." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *11 (4th Cir. Aug. 10, 2011) (unpublished) (per curiam) (citing Rhines, 544 U.S. at 269; Pace, 544 U.S. at 416; Heleva v. Brooks, 581 F.3d 187, 191-92 (3rd Cir. 2009)); see also Doe v. Jones, 762 F.3d 1174, 1179 (10th Cir. 2014); Dolis v. Chambers, 454 F.3d 721, 724–25 (7th Cir. 2006); Mena v. Long, 813 F.3d 907, 910-11 (9th Cir. 2016).

[2] The Petitioner also must not have engaged in any intentionally dilatory litigation tactics. Id. at 277-78.

expiration. See § 2244(d)(1)(A). Because the MAR was filed before the statute of limitations expired, the limitations period was tolled while the MAR was pending in the state court. See § 2244(d)(2) (The federal statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review is pending."). Moreover, "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 141 (2006) (citing Carey v. Saffold, 536 U.S. 214 (2002)). Because the North Carolina Court of Appeals granted the certiorari petition, this Court will assume that the petition was filed without "unreasonable delay" as required by North Carolina Rule of Appellate Procedure 21(c). See Glisson v. Hooks, No. 1:19-cv-00096-MOC, 2019 WL 2076565, at *3 (W.D.N.C. May 10, 2019) (Cogburn, J.) (assuming that a certiorari petition was filed without "unreasonable delay" under Rule 21(c) because it was allowed by the North Carolina Court of Appeals).

Although the Petitioner does not present any basis for filing this "protective" habeas petition, the Court assumes that the Petitioner has filed one because she otherwise would have just one day to file a timely § 2254

5

petition after the state court MAR proceedings are finalized. The Court finds that the Petitioner's concern constitutes "good cause" for not exhausting her state remedies before filing the present habeas petition. Additionally, the Court finds that the Petitioner's claims appear to be potentially meritorious and that there is no indication that the Petitioner has engaged in intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 277-78. Accordingly, the Court will grant the Petitioner's Motion and hold this action in abeyance pending the resolution of the MAR proceedings in state court. The Court will, however, require counsel for the Petitioner to provide a status update with this Court within thirty days of the decision of the North Carolina Court of Appeals. Id. at 278 (stating that district courts should place reasonable time limits on a petitioner's trip to state court and back" such as "returning to federal court within . . . 30 days after state court exhaustion is completed.").

The Petitioner also seeks leave to file a brief[3] in support of her habeas petition that is in excess of the twenty-five (25) page limit in Local Civil Rule 7.1(d). [Doc. 3]. The Memorandum is more than double the maximum length allowed per Local Civil Rule 7.1(d) without leave of court. While the Petitioner's counsel may have done a less than stellar job in editing the

---

[3] The Petitioner's Memorandum [Doc. 1 at 16-68] should have been filed separately from the Petition [Doc. 1 at 1-15] in accord and practice. See LCvR 7.1(c).

6

Memorandum so as to succinctly and efficiently present the Petitioner's grounds for relief, the Court acknowledges that the unusual procedural and factual complexity of the claims asserted would make it difficult to keep within the Court's 25-page limit. The Court will, therefore, allow the Petitioner's motion regarding the length of the Memorandum, but cautions counsel that such order does not extend to any future filing, and that such indulgence is not likely to be granted again.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Hold Federal Proceedings in Abeyance [Doc. 2] is hereby **GRANTED**. This action will be held in abeyance pending the Petitioner's exhaustion of her state court remedies. The Petitioner shall file an update on the docket within thirty (30) days after the North Carolina Court of Appeals issuing a decision on her Motion for Appropriate Relief.

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Leave to File Excess Pages [Doc. 3] is hereby **GRANTED**. The Clerk of Court is respectfully directed to sever the Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus [Doc. 1 at 16-68] from the Petition for Writ

of Habeas Corpus [Doc. 1 at 1-15] and docket the former separately as an attachment to the Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED.**

Signed: October 3, 2020

Martin Reidinger
Chief United States District Judge